IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JONATHAN EVANS**                                                                                           **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.: 1:15-cv-00419-LG-RHW**

**FOOD GIANT SUPERMARKETS, INC**
**D/B/A PIGGLY WIGGLY**                                                                                **DEFENDANTS**

**ANSWER AND DEFENSES OF FOOD GIANT SUPERMARKETS, INC.**
**(JURY TRIAL REQUESTED)**

**COMES NOW,** Food Giant Supermarkets, Inc. d/b/a Piggly Wiggly ("Food Giant") by and through undersigned counsel, and serves it's Answer and Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, and Food Giant moves the Court to dismiss same pursuant to Rule 12 of the Mississippi Rules of Civil Procedure and/or the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

This action is in its early stages and Food Giant does not have the benefit of full discovery. Therefore, Food Giant believes that if the action or inaction of the Plaintiff and/or person(s) or entities not a party to this action were a proximate contributing cause of the injuries and damages, if any, allegedly sustained by the Plaintiff, then Food Giant is not liable for said injuries and damages, if any.

**THIRD DEFENSE**

Food Giant avers Plaintiff's own negligence was the sole and proximate cause of the alleged accident and any resulting damages and injuries, or alternatively, Plaintiff's own negligence was a contributing cause of any resulting damages or injuries to the Plaintiff.

**FOURTH DEFENSE**

Food Giant, affirmatively pleads that any recovery received by Plaintiff should be reduced by Plaintiff's own degree of comparative negligence.

**FIFTH DEFENSE**

Food Giant, affirmatively pleads and may show that the damages complained of by the Plaintiff may have been caused by the actions or inactions of others for which Food Giant is not responsible.

**SIXTH DEFENSE**

Food Giant, affirmatively pleads and may show that although it denies that the Plaintiff is entitled to any recovery, whatsoever, it nevertheless avers that any damages which hereafter may be awarded to Plaintiff should be apportioned pursuant and in accordance with Section 85-5-7 of the Miss. Code Ann. (1972), as amended.

**SEVENTH DEFENSE**

Food Giant, affirmatively pleads and may show that the Plaintiff failed to mitigate her injuries and/or damages and would therefore be precluded from seeking recovery as a result of failure to mitigate.

**EIGHTH DEFENSE**

Food Giant, affirmatively pleads and may show that the proximate cause of the alleged injury to Plaintiff was the actions and/or inactions of Plaintiff and that at the time and place of

the subject accident, Plaintiff was in a better position to look after Plaintiff's own best interests, yet failed to do so.

## NINTH DEFENSE

Under no circumstances is Food Giant liable to the Plaintiff for:

(1) any conditions, injuries or damages that pre-existed the subject accident, (2) any injuries or damages suffered by the Plaintiff not related to the alleged accident at issue in this action, or (3) that are the result of any pre-existing medical condition(s).

## TENTH DEFENSE

Food Giant, by way of affirmative defense, invokes the provisions of Miss. Code Ann. Section 11-7-15 and 85-5-7 (1972), as amended.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part to the extent Plaintiff failed to comply with applicable statutes, requirements and regulations.

## TWELFTH DEFENSE

To the extent that Plaintiff's alleged damages and/or injuries resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to the conduct of Food Giant, then Food Giant is not liable for same.

## THIRTEENTH DEFENSE

To the extent the injuries and damages alleged by the Plaintiff occurred as a result of certain conditions that were, and are beyond the control of Food Giant, such would mitigate or preclude Plaintiff's recovery, if any as against Food Giant.

**FOURTEENTH DEFENSE**

To the extent that Plaintiff may claim punitive damages, if any, which is denied by Food Giant, Food Giant affirmatively invokes the provisions of Miss. Code Ann. Section 11-1-65 and Section 11-7-15 (1972), as amended.

**FIFTEENTH DEFENSE**

If the Plaintiff has heretofore settled or should hereafter settle for any of Plaintiff's alleged injuries and damages with any other person or entity that may be liable for Plaintiff's alleged injuries and damages, Food Giant is entitled to a credit and/or set-off in the amount of said settlement.

**SIXTEENTH DEFENSE**

Food Giant affirmatively pleads the following affirmative defenses alternatively, that may be applicable to Plaintiff's allegations against Food Giant in this matter including, but not limited to: estoppel, waiver, ratification, payment, accord and satisfaction, contributory negligence, assumption of risk, injury by fellow servant, statute of limitations, *res judicata,* release, payment, laches, fraud, arbitration and award.

**SEVENTEENTH DEFENSE**

This action has only recently been filed, is in its earliest stages of litigation and Food Giant does not have the benefit of full discovery. Therefore, Food Giant pleads its intent at this time is to deny each and every averment within the Complaint which could be construed to impose any liability upon Food Giant.

**EIGHTEENTH DEFENSE**

This action has only recently been filed, is in its earliest stages of litigation and Food Giant does not have the benefit of full discovery. Therefore, Food Giant reserves the right to rely

upon such other affirmative defenses that may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses, if it becomes necessary.

### NINETEENTH DEFENSE

This action is in its early stages and Food Giant does not have the benefit of full discovery. Therefore, Food Giant believes that if the action or inaction of the Plaintiff and/or person(s) or entities not a party to this action, was the sole, proximate and only cause of injuries and damages, if any, allegedly sustained by the Plaintiff, then Food Giant is not liable for said injuries and damages, if any.

### TWENTIETH DEFENSE

Process and service of process are improper.

### TWENTY FIRST DEFENSE

Food Giant denies it was negligent in any way as claimed by Plaintiff.

### TWENTY SECOND DEFENSE

Alternatively, the condition alleged by Plaintiff, Jonathan Evans, as causing him to slip, was open and obvious to him.

### TWENTY THIRD DEFENSE

Food Giant did not create a dangerous condition for Plaintiff, nor did Food Giant cause the Plaintiff to fall. Food Giant acted reasonably in the operation, maintenance and inspection of its store premises and exercised reasonable care under the circumstances at all times on or about August 3, 2012. This civil action is in its early stages and Food Giant does have the benefit of full discovery and at this time, Food Giant alternatively pleads it did not have actual or constructive notice of any alleged dangerous condition and/or any reasonable opportunity under

then existing circumstances to warn of, or correct any alleged dangerous condition, if any existed.  Alternatively, Plaintiff was reasonably and adequately warned of dangerous condition(s), if any.

### TWENTY FOURTH DEFENSE

Food Giant answers the consecutively numbered paragraphs of the Complaint as follows:

1. This civil action is in its early stages of litigation and Food Giant does not have the benefit of full discovery.  However, upon information and belief at this time, admitted subject to future amendment following discovery, if necessary.

2. Admitted.

3. Admitted.

4. Admitted.

5. Paragraph 5. of the Plaintiff's Complaint is denied at this time as stated as Food Giant does not have the benefit of full discovery and so at this time, is without sufficient knowledge to admit the allegations of Paragraph 5. and therefore denies same and demands strict proof thereof, subject to future amendment, if necessary.

6. This civil action is in its early stages of litigation and Food Giant does not have the benefit of full discovery.  Accordingly, Paragraph 6. of the Plaintiff's Complaint is denied subject to future amendment following discovery, if necessary.

7. This civil action is in its early stages of litigation and Food Giant does not have the benefit of full discovery to know all existing facts and circumstances surrounding this alleged fall and therefore, denies Paragraph 7. of the Plaintiff's Complaint except to state that Mississippi Law, where applicable, will speak for itself and as further may be set forth and construed by this Honorable Court.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Except to admit that a trial of this action should be before a jury if this case is not dismissed, Food Giant denies that Plaintiff is entitled to any and all other demands contained in the last un-numbered paragraph on Page 3 of Plaintiff's Complaint beginning with "WHEREFORE" and ending with "entitled in the premises."

And now, having fully responded to Plaintiff's Complaint, Food Giant Supermarkets, Inc. respectfully requests that it be dismissed from this action with prejudice, and all costs be assessed to Plaintiff, and if not, that a trial by jury be had in this Court.

**Respectfully submitted**, this the 18th day of December, A.D., 2015.

> **FOOD GIANT SUPERMARKETS, INC.**
> *Defendant*
>
> /s/ L. Grant Bennett, Sr.
> **L. GRANT BENNETT, SR.**
> *Attorney for Defendant*

L. GRANT BENNETT, SR., MSB No. 100556
Law Office of L. Grant Bennett, Sr. PLLC
211 South 29th Avenue, Suite 201 (39401)
Post Office Box 18229
Hattiesburg, MS  39404-8229
Telephone:  (601) 255-1377
Facsimile:   (601) 500-5773
Email: grant@grantbennettlaw.com

## CERTIFICATE OF SERVICE

I, L. Grant Bennett, Sr., do hereby certify that I have this date served a true and correct copy of *Answer and Defenses of Food Giant Supermarkets, Inc.* with the Clerk of the Court using the ECF system, which sent notification of such filing to registered users.

D. Scott Gibson, Esq.
Attorney At Law
Post Office Box 1270
Wiggins, MS  39577
Telephone:  (601) 528-6028
Facsimile:   (601) 528-6030
Email:  scott@dscottgibsonlaw.com
 *Attorney for Plaintiff*

**THIS** the 18th day of December, 2015.

/s/ L. Grant Bennett, Sr.
**L. GRANT BENNETT, SR.**