IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JONATHAN EVANS                                                                      PLAINTIFF

v.                                                                 CAUSE NO. 1:15CV419-LG-RHW

FOOD GIANT SUPERMARKETS, INC.                                              DEFENDANT

## ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

This matter is before the Court sua sponte for consideration of dismissal of Plaintiff's claims for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Having reviewed the record in this action and applicable law, the Court has determined that Plaintiff's claims should be dismissed.

Plaintiff Evans was originally represented by counsel. On December 28, 2016, counsel moved to withdraw after Evans sent counsel a notarized document signed by Evans "releasing" the attorney from the case. (*See* ECF No. 28-1). Magistrate Judge Robert H. Walker granted the Motion to Withdraw and ordered Plaintiff to "obtain substitute counsel or to inform the Court in writing of his intention to proceed pro se" by February 3, 2017. (*See* Order, ECF No. 30). Judge Walker specifically cautioned Plaintiff "that failure to obtain substitute counsel or to inform the Court in writing of his intention to proceed pro se within the time allowed may result in the dismissal of his lawsuit." (*Id.*). A copy of Judge Walker's Order was mailed to Plaintiff at the mailing address provided by Evans on his letter releasing counsel. However, to date, Plaintiff has not obtained substitute counsel or otherwise informed the Court of his intention to proceed with this action.

In addition, on January 6, 2017, Defendant Food Giant moved for summary judgment. On January 9, Judge Walker entered an Order extending Evans' time to respond to Food Giant's arguments for summary judgment by February 3, 2017: "In light of its previous order [affording Evans time to obtain a substitute attorney should he want to do so], the Court finds that Plaintiff's response to the motion for summary judgment should be extended to February 3, 2017." Despite this extension, Evans has not filed a response or otherwise contacted the Court to indicate that he intends to file one.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Furthermore, the Court may sua sponte dismiss an action or claim under Rule 41(b). *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008); *see also Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014).

Here, the Magistrate Judge warned Plaintiff that his failure to comply with the Court's Order could result in dismissal of this action. He also extended the time for Plaintiff to respond to Defendant's Motion for Summary Judgment well beyond the normal response time. However, as discussed above, the Court has heard nothing from Plaintiff since his counsel withdrew from this action at his request. Plaintiff filed this lawsuit; it is his responsibility to prosecute his claims, and he has not done so. Accordingly, the Court finds dismissal of Plaintiff's claims in this

action proper under Rule 41(b). *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998); *Fox*, 551 F. App'x at 775.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **ORDERED** to mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE